IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | |
|---|---|
| Ricky Dean Tate, #261418, ) | CIVIL ACTION NO. 9:15-1858-TLW-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| A/W Florence Mauney, Asst. Warden; ) | |
| OFC A. Sanders, A-2 Shift; and ) | |
| Ofc. Livingston, A-2 Shift, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate at with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a Rule 12 motion to dismiss on June 23, 2015. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on June 24, 2015, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed a memorandum in opposition to the Defendants' motion on July 28, 2015, to which the Defendants filed a reply memorandum on August 7, 2015.

1



The Defendants' motion is now before the Court for disposition.[1]

**Background and Evidence**

Plaintiff alleges in his verified Complaint[2] that he is an inmate being housed on statewide protected custody. Plaintiff alleges that on October 25, 2013, officers on the A-2 shift started taking his "flap lock" off of his flap (on his cell door) in order to have "easy access to spray me with chemical munitions if I was to masturbate". Plaintiff alleges that he wrote to the Defendant Assistant Warden Mauney about the Defendant Officer Sanders taking the lock off of the food flap and threatening that he was going to gas the Plaintiff if he saw him masturbating, but that Mauney never took any corrective action to address the situation. Plaintiff alleges that Sanders again was allowed to take the lock off of Plaintiff's flap on January 1, 2014, but that when he spoke with "Sgt. Swinger" (who was on the A-1 shift) and asked whether officers were allowed to take the locks off of food flaps on the cell doors, that Swinger stated "no". Plaintiff alleges that he thereafter wrote a Request to Staff to Swinger to address the issue.

Plaintiff alleges that on February 10, 2014 the Defendant Officer Livingston took the flap off of his cell door and threatened Plaintiff that "she was going to gas Plaintiff" if it looked like Plaintiff was masturbating. Plaintiff further alleges that later that evening, at around midnight, Plaintiff was sitting on his bed when Livingston stopped at his cell and sprayed chemical munitions

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2]In this Circuit, verified complaints by pro se litigants are considered as affidavits with respect to any factual allegations contained therein that are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).



through the food flap into his cell. Plaintiff alleges that Livingston "sprayed almost a [entire] can of chemical munitions" into the cell, which caused him not to be able to see or breathe as well as "intense and severe burning sensations and swelling of the Plaintiff [sic] facial area". Plaintiff alleges that he was then denied use of the shower to decontaminate himself, and was forced to have gas on him for ninety-six hours until he was finally allowed to take a shower.

Plaintiff also alleges that he was "stripped naked" for seventy-two hours, and that all of his personal property was taken out of his cell, including his legal documents, and placed inside the control room. Plaintiff alleges that it was "several months" until these materials were returned to him by Sgt. Swinger, by which time a case he had pending in this Court had been dismissed "because Plaintiff didn't meet the deadline".[3] Plaintiff alleges this violated his constitutional right of access to the courts.

Plaintiff alleges that at the time Livingston sprayed him with chemical munitions, he was simply sitting on his bed and was "at no time . . . threatening or hostile or aggressive . . . .". In fact, Plaintiff alleges that he was never written up or charged with any type of disciplinary rule infraction as a result of this incident. Plaintiff further alleges that Mauney is responsible for what happened to him because she failed to control Officer Livingston and prevent her from using "excessive force/chemical munitions" on the Plaintiff, as well as for failing to properly train Livingston. Plaintiff seeks monetary damages. See generally, Verified Complaint.

In support of dismissal of Plaintiff's claims, the Defendants have submitted an affidavit from David Martinez, who attests that he is a grievance administrator with the SCDC.

---

[3]The case Plaintiff is referring to is Tate v. Cartledge, et al., Civil Action No. 9:13-1810. See Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)[a federal court may take judicial notice of the contents of its own records].



Martinez attests that the SCDC uses an automated system to keep records of Step 1 and Step 2 grievances filed by inmates,[4] as well as a log of appeals filed by inmates with the Administrative Law Court (ALC). Martinez attests that he has searched the SCDC automated system for grievances relating to the claims Plaintiff asserts in this lawsuit, and that on April 23, 2014 Plaintiff filed a Step 1 grievance (Grievance No. PCI-461-14) relating to having been "gassed" by Officer Livingston on February 10, 2014. This grievance was denied, following which Plaintiff filed a Step 2 grievance appeal, which was also denied. Martinez attests that Plaintiff did not further appeal the denial of his Step 2 grievance to the ALC. Martinez further attests that Plaintiff filed a Step 1 grievance on July 21, 2014 (Grievance No. PCI-823-14) relating to his personal property and legal documents being taken. That grievance was denied, and Martinez attests that Plaintiff never appealed the denial of his Step 1 grievance by filing a Step 2 grievance appeal. Martinez has attached copies of Plaintiff's grievance documents to his Affidavit. See generally, Martinez Affidavit (with attached exhibits - grievance documents).

The Defendants have also submitted as exhibits copies of some state court lawsuits Plaintiff has apparently filed with respect to these same complaints, as well as an affidavit relating to service of process on the Defendant Sanders.[5]

---

[4]This Court can take judicial notice from previous cases filed in this Court that, under the SCDC Grievance Procedure, all inmate grievances must be filed within fifteen (15) days of the alleged incident, and if a grievance is denied by the Warden (Step 1), the inmate may then appeal the Warden's decision by filing a Step 2 appeal with the Division Director of Operations. See Aloe Creme Laboratories, Inc. v. Francine Co, 425 F.2d 1295, 1296 (5th Cir. 1970); see also Branton v. Ozmint, No. 08-2306, 2009 WL 1457144 at * 2 (D.S.C. May 22, 2009); Jenkins v. South Carolina Dept. of Corrections, No. 05-2800, 2006 WL 1083563 at * 5 (D.S.C. Apr. 18, 2006).

[5]Defendants had initially argued as part of their motion to dismiss that Sanders should be
(continued...)



As attachments to his response in opposition to the Defendants' motion, Plaintiff has submitted copies of Request to Staff Member forms which deal with, <u>inter alia</u>, his food flap complaint as well as a copy of his grievance PCI-461-14. Plaintiff has also submitted some copies of Request to Staff Member forms concerning his legal documents in which Plaintiff appears to seek confirmation that his legal documents had been returned to him, while in some other Request to Staff Member forms Plaintiff appears to complain about how his property was packed and inventoried. Many of these Request to Staff Member forms contain confirmations from the correctional officers to whom they are addressed that Plaintiff's legal documents were returned to him. Finally, Plaintiff has attached copies of what appear to be letters he wrote to Inmate Grievance or the SCDC General Counsel in August 2014 concerning his legal documents having been taken and left in the control room "in the view of everyone", and that he needs his legal documents returned "ASAP".

## Discussion

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". <u>Ashcroft v. Iqbal,</u> 129 S.Ct. 1937, 1949 (2009). Additionally, the Federal Court is charged with liberally construing a complaint filed by a <u>pro se</u> litigant to allow the development of a potentially meritorious case; <u>See</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); and as the Plaintiff is proceeding <u>pro se</u>, his pleadings are considered pursuant to this liberal standard. However, even though summary dismissal

---

⁵(...continued)
dismissed as a party Defendant for lack of service of process. However, that argument has subsequently been withdrawn. <u>See</u> Defendants' Reply Brief.



of a case pursuant to Rule 12 is disfavored, Cardio-Medical Associates Ltd. V. Crozer-Chester Medical Center, 536 F.Supp. 1065, 1072 (E.D.Pa. 1982), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I.**

**(Exhaustion of Remedies)**

Defendants initially argue in their motion, inter alia, that this case should be dismissed for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, Congress has mandated exhaustion regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff]. Accordingly, before Plaintiff may proceed on his claims in this Court, he must first have exhausted the administrative remedies that were available to him at the prison.

The Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674,

6



683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 127 S.Ct. 910 (2007). To meet this burden, the Defendants have submitted the affidavit from David Martinez, who sets forth Plaintiff's grievance history, along with copies of the applicable grievances filed by the Plaintiff. Defendants contend that this evidence[6] shows that Plaintiff failed to exhaust his administrative remedies because he did not complete either of his grievances through an appeal to the Administrative Law Court.

However, Plaintiff was not required to appeal a denial of his Step 2 grievances to the Administrative Law Court in order to exhaust his administrative remedies for purposes of this lawsuit, as conditions of confinement claims, such as are being asserted here, do not require exhaustion past the Step 2 institutional level. See Johnson v. Ozmint, 567 F.Supp. 2d 806, 820, n.5 (D.S.C. 2008); Brown v. Doe, No. 12-927, 2015 WL 1297917 at * * 1, 6-8 (D.S.C. Mar. 23, 2015) [holding that 42 U.S.C. § 1997e(a) does not require further appeal to Administrative Law Court]; Gunnells v. Goodman, No. 14-1978, 2015 WL 4257199 at **1, 6-7 (D.S.C. July 14, 2015)[same]; Ford v. Ozmint, No. 13-1618, 2014 WL 2881621 at * 2 (D.S.C. June 25, 2014); Ayre v. Currie, No. 05-3410, 2007 WL 3232177 at * 7 n.5 (D.S.C. Oct. 31, 2007); Lowry v. Davis, No. 06-509, 2006 WL 3759828 at * 2 (D.S.C. Dec. 18, 2006)["It is not necessary for the inmate to file an appeal with the state ALJ Division for matters pertaining to prisoner's conditions of confinement."].[7] Therefore,

---

[6]Although normally evidentiary exhibits are not considered by a court when ruling on a Rule 12 motion to dismiss, evidence relating to exhaustion of remedies can be considered without converting Defendants' Rule 12 motion to dismiss to a Rule 56 motion for summary judgment. Spruill v. Gillis, 372 F.3d 218, 223 (3rd Cir. 2004) [Documents relating to issue of exhaustion may be considered when considering a motion to dismiss].

[7]If, however, a prisoner wishes to attack a conviction or sentence imposed by a prison disciplinary official, he or she must exhaust both steps of the prison grievance process *and* also appeal
(continued...)



Defendants' argument that Plaintiff failed to exhaust his administrative remedies with respect to his claim of excessive force relating to having been sprayed with chemical munitions (Grievance No. PCI-461-14) is without merit, as it is readily apparent that Plaintiff exhausted this grievance through a decision on his Step 2 appeal prior to filing this lawsuit. See Martinez Affidavit, and attached Exhibits [Step 1 and Step 2 grievance forms for Grievance No. PCI-461-14]. See also Duncan v. Langestein, No. 07-268, 2008 WL 153975 at * 5 (D.S.C. Jan. 14, 2008) (citing Charles v. Ozmint, No. 05-2187, 2006 WL 1341267 at * 4 n. 4 (D.S.C. May 15, 2006) [recognizing that completion of Step 2 grievance exhausts administrative remedies and that § 1997(a) does not require inmates to further appeal to Administrative Law Court.]

However, with respect to Plaintiff's access to court claim, the evidence submitted clearly shows that Plaintiff did not exhaust the grievance he filed relating to this claim prior to filing this lawsuit. Plaintiff's initial Step 1 grievance (Grievance No. PCI-823-14) was submitted on July 21, 2014. That grievance was denied, and Martinez attests that Plaintiff never filed a Step 2 grievance appeal of this decision. See generally, Martinez Affidavit, with attached Exhibit [Step 1 form for Grievance No. PCI-823-14]. While Plaintiff has submitted copies of some Request to Staff Member forms as well as some letters he wrote addressing this issue, these documents merely relate to the claim Plaintiff is asserting in this lawsuit - they do not satisfy the requirement that Plaintiff

---

⁷(...continued)
the Step 2 decision to the state ALJ Division before his remedies may be said to be exhausted. See SCDC Inmate Grievance System Procedures Issued 1-1-2006, Numbers 13.7-13.9 (requiring the inmate to appeal the result of a disciplinary hearing to the South Carolina Administrative Law Court); Furtick v. South Carolina Dep't of Corr., 649 S.E.2d 35 (S.C. 2007); see also Dicks v. South Carolina Dep't of Corr., No. 9:06-cv-663-HFF-GCK, 2006 WL 1207851 at *3 (D.S.C. 2006). Cf. Braden v. 30th Judicial Circuit Ct., 410 U.S. 484, 490-91 (1973). Plaintiff is not challenging a disciplinary conviction in this case.



exhaust his grievance remedies. Cf. Davis v. Minthorn, No. 05-326, 2006 WL 2222700 (E.D.Tenn. Aug. 2, 2006) [Submission of inmate request form not sufficient to exhaust grievance remedy].

Therefore, the Defendants are entitled to dismissal of Plaintiff's access to court claim. See Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies]; see also Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts"]; Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000)["It is beyond the power of this court - or any other - to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."](quoting Beeson v. Fishkill Corr. Facility, 28 F.Supp. 2d 884, 894-895 (S.D.N.Y. 1998)); Jordan v. Miami-Dade County, 439 F.Supp.2d 1237, 1241-1242 (S.D.Fla. 2006) [Remedies not exhausted where inmate did not appeal denial]; Williams v. Reynolds, No. 12-138, 2013 WL 4522574 at * 4 (D.S.C. Aug. 27, 2013) [Nothing that "even if Plaintiff did file a Step 1 grievance that was returned unprocessed, there is no evidence that Plaintiff filed a Step 2 grievance or otherwise appealed the decision not to process the Step 1 grievance."].

## II

### (Conditions of Confinement)

With respect to Plaintiff's conditions of confinement claim based on his cell flap lock and having been sprayed with mace, as employees of the Department of Corrections, the Defendants are all subject to suit for damages under § 1983 in their individual capacities. Gomez v. Toledo, 446 U.S. 635, 640 (1980); Inmates v. Owens, 561 F.2d 560 (4th Cir. 1977). Construed liberally, Plaintiff is seeking damages against these Defendants in their individual capacities. However, even though



Defendants are subject to suit under § 1983, they argue that Plaintiff's allegations are still subject to dismissal because they fail to state a claim upon which relief can be granted.

With respect to Plaintiff's allegations concerning his food flap lock (to the extent Plaintiff has intended this to be a separate legal claim, and further assuming for purposes of Defendants' motion that this claim was encompassed as part of the Grievance No. PCI-461-14), the undersigned is constrained to agree that Plaintiff has failed to state a cognizable constitutional claim. In order to survive the Defendants' motion to dismiss, the allegations of the Complaint must set forth sufficient factual matters to state a plausible claim for relief "on its face". Iqbal, 129 S.Ct. at 1949. As such, Plaintiff's factual allegations (the "objective" component) must be sufficient to create at least an inference that the alleged deprivation (here, the lock being taken off of his food flap by Sanders and his alleged verbal threat to "gas" the Plaintiff) was "objectively sufficiently serious" so as to create an excessive risk to the Plaintiff's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994); see also Hudson v. McMillian, 503 U.S. 1, 6 (1993). Plaintiff's factual allegations must also be sufficient to show that the named Defendants acted with "deliberate indifference" to this "sufficiently serious" deprivation (the "subjective" component). Farmer, 511 U.S. at 834. The subjective component requires more than mere negligence by a named Defendant. Rather, Plaintiff must have evidence showing a "reckless disregard" by a Defendant of a substantial risk of serious harm. Id., at 835-836.

The undersigned can discern no basis to allow Plaintiff's allegation that Officer Sanders took the lock off of his food flap and threatened to gas the Plaintiff if he saw him masturbating to proceed as a constitutional claim. Even assuming Plaintiff's allegations to be true for purposes of the Defendants' motion, Sanders' "threatening" to spray Plaintiff with chemical



munitions if [s] he saw Plaintiff masturbating is not, by itself, sufficient to state a constitutional claim. Malsh v. Austin, 901 F.Supp. 757 (S.D.N.Y. 1995)["Verbal assault, standing alone, is not a . . . cognizable injury in a 1983 civil rights action"]; Sluys v. Gribetz, 842 F.Supp. 764, 765 n.1 (S.D.N.Y. 1994) aff'd., Sluys v. Gribetz, 41 F.3d 1503 (2d Cir. 1994); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); Batista v. Rodriguz, 702 F.2d 393, 398 (2nd Cir. 1985); Ajaj v. United States, 479 F.Supp. 2d 501, 538 n. 16 (D.S.C. 2007); Musto v. Trinity Food Service, Inc., No. 07-231, 2010 WL 3565723 at * 13 (M,D.Fla. 2010)["verbal harassment does not state a claim for relief in a federal civil rights action."]. The mere opening of Plaintiff's food flap by Sanders also does not set forth a violation of Plaintiff's constitutional rights. Farmer, 511 U.S. at 834 ["Objective" component requires a showing that the alleged deprivation was "objectively sufficiently serious" such that the conditions denied the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety]; Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997) ["[O]nly extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement"].

In any event, Plaintiff does not even allege that he suffered any harm as a result of Sanders' actions. Witherspoon v. Berry, No. 13-2942, 2015 WL 1790222 (D.S.C. April 15, 2015) [conditions of confinement claim requires showing of significant injury]; Holley v. Johnson, No. 08-629, 2010 WL 2640328 at * * 9-15 (W.D.Va. June 30, 2010)[noting that while excessive force claim does not require showing of a significant injury, condition of confinement claim does]; See Rankin v. Klevenhagen, 5 F.3d 103, 108 (5th Cir. 1993)[certainly some injury is required]; Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999)[Without proof of more than de minimis physical injury, Plaintiff cannot maintain his claim]. Further, even if Sanders opening of this food flap violated an



SCDC policy (which Plaintiff alleges), that is also not sufficient to support a constitutional claim. See generally Keeler v. Pea, 782 F.Supp. 42, 44 (D.S.C. 1992) [violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983]); see also Scott v. Hamidullah, No. 05-3027, 2007 WL 904803 *5 n.6 (D.S.C. Mar. 21, 2007) (citing Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)); Johnson v. S.C. Dep't of Corrections, No. 06-2062, 2007 WL 904826 at *12 (D.S.C. Mar. 21, 2007) ["Plaintiff's allegation that Defendants did not follow their own policies fails, as the failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation."] (citing Riccio, 907 F.2d at 1469 [if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue]).

Therefore, the Defendant Sanders is entitled to dismissal as a party Defendant in this case, as Plaintiff has failed to state a cognizable constitutional claim against this Defendant.

With respect to the incident of February 10, 2014, however, the remaining Defendants Mauney and Livingston are not entitled to dismissal of this claim. When reviewing an excessive force claim, the Court should consider 1) the need for the application of force, 2) the relationship between the need and the amount of force that was used, 3) the threat to the staff and inmates as reasonably perceived by the prison officials on the basis of the facts known to them, 4) the efforts made to temper the severity of a forceful response, and 5) the extent of the injuries suffered by the prisoner. Whitley v. Albers, 475 U.S. 312, 321 (1986); Hill v. Crum, 727 F.3d 312, 327 (4th Cir. 2013); see Mann v. Failey, 578 Fed.Appx. 267, 273 (4th Cir. July 17, 2014); Majette v. GEO Group, Inc., No. 07-591, 2010 WL 3743364, at * 6 (E.D.Va. Sept 22, 2010); see also Hudson v. McMillian, 503 U.S. 1, 7 (1992) [the core judicial inquiry is whether force was applied in a good faith effort to



maintain or restore discipline, or maliciously and sadistically to cause harm]. Here, Plaintiff's factual allegations are sufficient to give rise to an inference of deliberate or callous indifference on the part of the Defendants. Mann, 578 Fed.Appx. 273 [Plaintiff presents an Eighth Amendment excessive force claim where he shows both that the deprivation suffered or injury inflicted was sufficiently serious, and that the prison official acted with a sufficiently culpable state of mind], citing Williams v. Benjamin, 77 F.3 756, 761 (4th Cir. 1996).

      Plaintiff alleges that on the evening in question he was simply sitting on his bed and was "at no time . . . threatening or hostile or aggressive . . ."(and also noting as support for this allegation that he was never written up or charged with any type of disciplinary rule infraction as a result of this incident), when Livingston sprayed "almost a [entire] can of chemical munitions" into his cell, causing him severe burning and swelling, and following which he was not allowed to use a shower to decontaminate himself. These allegations are sufficient to set forth a claim for excessive use of force against the Defendant Livingston. See Iko v. Shreve, 535 F.3d 225, 239-240 (4th Cir. 2008) [Finding genuine issue of material fact when prison guard deployed several bursts of pepper spray on docile prisoner]; Mann, 578 Fed.Appx. 273  13-6446, 2014 WL 35118878 at * 5-6 (4th Cir. July 17, 2014) [Finding that Plaintiff's allegations that actions well taken in bad faith and for no legitimate purpose and that he was denied opportunity to decontaminate can give rise to an Eighth Amendment claim]. Plaintiff's allegations that Mauney should be held responsible for what happened to him because she failed to properly supervise or train Livingston is also, at least at this early stage on the proceedings, sufficient to proceed. See generally, Dahl v. Weber, 580 F.3d 730, 733 (8th Cir. 2009)[Prison warden may be liable under § 1983 if the warden is personally involved in, or directly responsible for, the prisoner's plight]; Slakan v. Porter, 737 F.2d 368, 375-376 (4th



Cir. 1984), cert. denied, Reed v. Slakan, 470 U.S. 1035 (1985)[Supervisory official may be liable for actions of subordinates where subordinates' allegedly unconstitutional conduct was the result of an official policy or custom for which the supervisory official was responsible].

Hence, with respect to the incident of February 10, 2014, the Defendants Mauney and Livingston's motion is simply premature. The Court has no evidence before it at this time, and cannot dismiss Plaintiff' Complaint on the basis of Defendants' arguments justifying its actions. Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 248 (4th Cir. 2005)["Courts should not dismiss a complaint for failure to state a claim unless 'after accepting all well-pleaded allegations in the Plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief'"], citing Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999); Vogt v. Greenmarine Holding, LLC, 318 F.Supp.2d 146 (S.D.N.Y. 2004) [Finding that Plaintiffs had asserted sufficient facts to allege improper conduct by the named defendants, and that "[w]hether plaintiffs will be able to demonstrate the truth of those facts after discovery is an entirely different question, but plaintiffs are entitled to make the attempt"]. Therefore, the Defendants Mauney and Livingston are not entitled to dismissal of Plaintiff's excessive force claim relating to the incident of February 10, 2014 at this time. Francis, et al, v. Giacomelli, No. 08-1908, (4th Cir. Dec 2, 2009) [Plausibility standard met where the Plaintiff "articulate[s] facts , when accepted as true," that state a plausibility of entitlement to relief]; see also Austen v. Catterton Partners V, LP, 709 F.Supp.2d 172 (D.Conn. 2010) [Iqbal's plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that



a recovery is very remote and unlikely"], citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007), (internal quotation marks and citations omitted).

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motion to dismiss Plaintiff's access to court claim be **granted**, without prejudice, for failure of the Plaintiff to exhaust his administrative remedies with respect to that claim. To the extent Plaintiff has intended to assert a separate claim relating to Sanders conduct, the Defendants' motion to dismiss those allegations should also be **granted**, with Sanders being **dismissed** as a party Defendant in this case.

With respect to Plaintiff's excessive force claim arising out of the incident of February 10, 2014, the Defendants Mauney and Livingston's motion to dismiss that claim should be **denied,** at this time, for the reasons stated.

The parties are referred to the Notice Page attached hereto.

                                                                   _____  
                                                                   Bristow Marchant  
                                                                   United States Magistrate Judge

September 21, 2015  
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk<br>
United States District Court<br>
Post Office Box 835<br>
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

