IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | | |
|---|---|---|
| Ricky Dean Tate, #261418, Plaintiff, v. A/W Florence Mauney, Asst. Warden; and Ofc. Livingston, A-2 Shift, Defendants. | ) | CIVIL ACTION NO. 9:15-1858-TLW-BM **SUPPLEMENTAL REPORT AND RECOMMENDATION** |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate at with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the named Defendants. As a result of an Order of the Court entered on December 23, 2015, the only claim remaining in this lawsuit is Plaintiff's excessive force claim arising out of the incident of February 10, 2014, against the Defendants Mauney and Livingston. See Court Docket No. 36; see also Court Docket No. 32.

The Plaintiff filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. on February 5, 2016. The Defendants Livingston and Mauney thereafter filed their own motion for summary judgment on February 22, 2016, along with an opposition memorandum to Plaintiff's motion for summary judgment. Following the issuance of a Roseboro order, Plaintiff filed a





memorandum in opposition to the Defendants' motion for summary judgment on March 21, 2016.

On April 6, 2016, the undersigned issued a Report recommending that Plaintiff's motion for summary judgment be denied, that the Defendants' motion be granted, and that this case be dismissed. Plaintiff filed two objections to the Report and Recommendation on April 14, 2016 and April 27, 2016, respectively, and after review of the objections, the Honorable Terry L. Wooten, Chief United States District Judge, recommitted the matter to the undersigned to consider whether Plaintiff's objections change the previous recommendation. Plaintiff thereafter filed another response on June 27, 2016.

In considering this matter in conjunction with Plaintiff's objections, this Supplemental Report and Recommendation incorporates the factual and evidentiary findings from the Report and Recommendation filed on April 6, 2016. Further, as Plaintiff did not address the findings and conclusions from Section II of the original Report and Recommendation, dealing with cleansing of chemical munitions, in his objections, the previous recommendation with respect to that issue has not been readdressed herein.

**Discussion**

As noted, both Plaintiff and the Defendants have moved for summary judgment on Plaintiff's claims. Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to





the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I.**

**(Excessive Force Claim)**

Plaintiff's excessive force claim is based on his argument that Livingston (a correctional officer) used unconstitutionally excessive force against him when, even though there was a locked cell door between the two and he did not pose a physical threat to Livingston at the time, she sprayed him with chemical munitions for masturbating in this cell. When reviewing an excessive force claim, the Court should consider 1) the need for the application of force, 2) the relationship between the need and the amount of force that was used, 3) the threat to the staff and inmates as reasonably perceived by the prison officials on the basis of the facts known to them, 4) the efforts made to temper the severity of a forceful response, and 5) the extent of the injuries suffered by the prisoner. Whitley v. Albers, 475 U.S. 312, 321 (1986); Hill v. Crum, 727 F.3d 312, 327 (4th Cir. 2013); see Mann v. Failey, 578 Fed.Appx. 267, 273 (4th Cir. July 17, 2014); Majette v. GEO Group, Inc., No. 07-591, 2010 WL 3743364, at * 6 (E.D.Va. Sept 22, 2010); see also Hudson v. McMillian, 503 U.S. 1, 7 (1992) [the core judicial inquiry is whether force was applied in a good





faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm]; Mann, 578 Fed.Appx. 273 [In order to prevail on an Eighth Amendment excessive force claim, Plaintiff must show both that the deprivation suffered or injury inflicted was sufficiently serious, and that the prison official acted with a sufficiently culpable state of mind], citing Williams v. Benjamin, 77 F.3 756, 761 (4th Cir. 1996).

In the original Report and Recommendation issued April 6, 2016, the undersigned concluded, inter alia, that there was not a genuine issue of fact as to whether Plaintiff was masturbating in his cell at the time of the incident in question; rather, the issue presented was whether Livingston used constitutionally excessive force when, even though there was a locked cell door between the two and Plaintiff did not pose a physical threat to Livingston at the time, she sprayed him with chemical munitions to get him to stop masturbating in his cell. See Report and Recommendation, pp. 8-9. This finding was based not only on the Defendants' evidence showing that Plaintiff was masturbating in his cell at the time of the incident at issue, but on Plaintiff's own statements in various documents he submitted as exhibits as well as in his opposition memorandum, in which Plaintiff did not appear to contest that he was masturbating but instead asserted that Livingston subjected him to improper and excessive force by using chemical munitions on him when he was confined in his cell and posed no physical threat to her. See generally, Mauney Affidavit, with attached Exhibit C; Livingston Affidavit, with attached Exhibit A; Plaintiff's Exhibits (Court Docket No. 19-1, pp. 5-7, 9-11); Plaintiff's Response (Court Docket No. 48, p. 1).

However, in his second set of objections filed in response to the original Report and Recommendation, Plaintiff now affirmatively states that he "never stated he was masturbating at that time only that wasn't enough grounds for Defendant Livingston to spray Plaintiff", and that "Plaintiff





wasn't masturbating at the time of being sprayed". See Plaintiff's 2nd Objection filed April 27, 2016, pp. 1-2.[1] Plaintiff's objections present several issues for consideration by the Court.

The first issue relates to Plaintiff using the Report and Recommendation process as a roadmap for how to survive summary judgment by filing objections which present new arguments or evidence to the Court in order to correct the deficiencies in his original filings or arguments as pointed out in the Report and Recommendation. Indeed, Plaintiff even argues in his "recommit" objections filed June 27, 2016 that the previous recommendation should be vacated because his "objections change the factual or legal analysis in this matter". See Court Document No. 59. Numerous courts have held this litigation tactic to be an abuse of the system that should not be allowed absent some compelling reason. Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998) ["It is not in the interest of justice to allow a party to wait until the Report and Recommendation . . . has been issued and then submit evidence that the party had in its possession but chose not to submit. Doing so would allow parties to undertake trial runs of their motion, adding to the record in bits and pieces depending upon the rulings or recommendations they received."], cert. denied, 142 L.Ed. 2d 202 (1998); Bennett v. Stirling, No. 13-3191, 2016 WL 1070812, at * 3 (D.S.C. Mar. 16, 2016), quoting Caldwell v. Jackson, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) ["[A]ttempts to introduce

[1]Plaintiff also attached to his objections a copy of one of the Defendants' exhibits ("View Use of Force Report for Administrator") wherein Warden Leroy Cartledge reviewed the Use of Force Report and commented "[t]his officers [referring to Livingston] has been given correction actions, due to their [sic] was no threat". See Court Docket No. 54-3, p. 1. This document was contained among the numerous documentary exhibits submitted by the Defendants earlier, which were attached to Mauney's original affidavit. See Exhibit (Court Docket No. 43-3, p. 32). Although this document indicates that Livingston apparently received an administrative corrective action from the Warden for her use of a chemical spray due to her not being under any kind of threat, the original recommendation was not based on any finding that Plaintiff posed a physical threat to Livingston. See Report and Recommendation of April 6, 2016, pp. 12-13.





new evidence after the Magistrate Judge has acted are disfavored", though the District Court may allow it "when a party offers sufficient reasons for so doing"].

Here, Plaintiff never affirmatively stated, either in his verified complaint or in any of his exhibits submitted with his other filings, that he was not masturbating at the time of the incident at issue. Rather, Plaintiff's own filings (as is more fully set forth in the original Report and Recommendation) do not contest this issue, with Plaintiff instead focusing his claim on Livingston not being justified in using a chemical spray on him because at the time he was safely locked in his cell and did not pose a physical threat to her. If Plaintiff intended to contest the fact of whether or not he was masturbating, he could (and should) have affirmatively stated he was not masturbating in his verified Complaint (since that is one of the central issues in this case), or at least provided an exhibit containing evidence that he was not masturbating in support of his case. He did not do so. Rather, he only now makes the affirmative statement in his objections that he was not masturbating *after* he has seen that his failure to deny or contest this fact in his original filings may result in summary judgment being granted against him. Cf. Doe v. Chao, 306 F.3d 170, 183, n. 9 (4th Cir. 2003) [Unless adequate justification for a failure to present evidence to the Magistrate Judge is presented, the District Court may ignore belatedly tendered evidence submitted as objections to the Magistrate Judge's recommendations].

Secondly, even if this new objection "evidence"[2] is accepted and considered,

---

[2]It is worth noting that Plaintiff's new statements are not actually competent evidence for consideration on a motion for summary judgment, as they are merely unsworn statements contained in the narrative of Plaintiff's objections. See Estrella v. Bryant, 682 F.2d 814, 819 (9th Cir. 1982) [legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment]; see also Gans v. Gray, 612 F.Supp. 608, (continued...)





Plaintiff's now affirmative statements in his objections also arguably run afoul of the well established rule that a litigant cannot provide contradictory statements or evidence to the Court to avoid summary judgment. See Barwick v. Celotex Corp., 736 F.2d 946, 960 (4th Cir. 1984) ["A genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the Plaintiff's testimony is correct."]; cf. Rohrbough v. Wyeth Laboratories, Inc., 916 F.2d 970 (4th Cir. 1990) ["if a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact"] (quoting Barwick, 736 F.2d at 960); Darnell v. Target Stores, 16 F.3d 174 (7th Cir. 1994). For example, Plaintiff's now affirmative statement in his 2nd objection that he "wasn't masturbating at the time of being sprayed" appears to directly contradict Plaintiff's own evidence and exhibits (cited in the original Report and Recommendation) wherein Plaintiff makes statements such as that he is "going to sue for money for me being sprayed with teargas for laying on my bed masturbating". See Plaintiff's Exhibit (Court Docket No. 19-1, p. 6).

For these reasons, there is a strong case to be made that Plaintiff's new pronouncements (considered as evidence for purposes of this opinion) should not even be considered

---

[2](...continued)
619 (E.D.Pa. 1985) [mere statements made in briefs are not evidence for the purpose of supporting or opposing a motion for summary judgment]; cf. Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1358 (4th Cir. 1995) [counsel's statements are not evidence]. However, since Plaintiff would no doubt simply re-submit the same statements again as sworn statements in new objections to this Supplemental Report and Recommendation if summary judgment were to be recommended herein based on Plaintiff's denials not being competent evidence, the undersigned has considered them as "evidence" for purposes of this opinion. Even so, Plaintiff is directed to file his statements in verified form within ten (10) days of the filing of this opinion for review and consideration by the District Judge.





by the Court in deciding whether summary judgment should be granted in this case. However, as this matter is back before the undersigned for consideration of Plaintiff's claim in light of his now express statements of denial as set forth in his 2nd objection; in light of the fact that Plaintiff's previous verified statements and exhibits, while never disputing what he was doing in his cell, also contained no express admission; and in further consideration of Plaintiff's pro se status; see Cruz, supra, [Federal court is charged with liberally construing pro se pleadings to allow for the development of a potentially meritorious case]; the undersigned has considered Plaintiff's new statements from his objections and finds that this new evidence (considered in the light most favorable to the Plaintiff) now presents an issue of fact as to whether Plaintiff was actually engaged in unlawful conduct and was refusing to cease this unlawful conduct at the time he was sprayed with chemical munitions by Livingston. Gray v. Spillman, 925 F.2d 90, 95 (4th Cir. 1991)[When considering whether summary judgment for the Defendant is appropriate, the Court must assume that the Plaintiff's version of the facts is true]; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)["Credibility determinations, the weighing of evidence, and drawing of legitimate inferences from the facts" are functions for the trier of fact]. As such, there is now an issue of fact presented as to whether there was a need for an application of force at all. Whitley, 475 U.S. at 321; Hudson, 503 U.S. at 7 [the core of judicial inquiry is whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm]; Bacon v. Wood, 616 F. Appx. 601, 603 (4th Cir. 2015) [Finding that the use of any amount of force by the Defendants was disproportionate to the need to use force where the evidence showed no threat to discipline and no need to apply any force on the Plaintiff]; cf. Iko v. Shreve, 535 F.3d 225, 239-240 (4th Cir. 2008) [finding genuine issue of material fact when prison guard deployed several bursts of pepper spray





on a docile prison]; Whitley v. Albers, 475 U.S. 312, 327 (1986) [Inmates are protected under the Eighth Amendment from the unnecessary and wanton infliction of pain]; Holley v. Johnson, No. 08-69, 2010 WL 2640328, at * * 9-15 (W.D.Va. June 30, 2010) [Noting that excessive force claim does not require showing of a significant injury].

Therefore, Defendants' motion for summary judgment with respect to Plaintiff's excessive force claim should be denied, but only as to the Defendant Livingston. See, Section II as to Defendant Mauney, infra. Further, as there is a question of fact on this issue, Plaintiff is also not entitled to summary judgment on this claim.

**II.**

**(Defendant Mauney)**

Having determined that Plaintiff's (considered sworn) statement that he was not masturbating in his cell when he was sprayed by Livingston creates an issue of fact as to whether the application of force against him by Livingston was unreasonable under the circumstances and in violation of Whitley, the separate issue of whether Mauney is entitled to summary judgment in this case must now be addressed.[3]

The evidence presented clearly shows that Mauney (an Associate Warden at the prison) was not present during the incident in question, with Plaintiff's claim against Mauney being that she should be held responsible for what happened to him because she failed to control Officer Livingston and prevent her from using "excessive force/chemical munitions" on the Plaintiff, as well

---

[3]As the original recommendation was that summary judgment should be granted on the merits of Plaintiff's excessive force claim, no separate analysis of whether Mauney has any liability in this case was conducted in that Report and Recommendation.





as for failing to properly train Livingston. See generally, Verified Complaint.[4] These allegations fail to state a claim against Associate Warden Mauney, as she can not be held liable in this case simply because she held a supervisory position at the prison. See Vinnedge v. Gibbs, 550 F.2d 926, 927-929 & nn. 1-2 (4th Cir. 1977). Rather, in order to establish liability against this Defendant, Plaintiff must have evidence sufficient to create a genuine issue of fact as to whether Mauney was personally involved in the incident at issue, or that the allegedly excessive use of force against the Plaintiff by Livingston was the result of an official policy or custom for which Mauney was responsible. See generally, Dahl v. Weber, 580 F.3d 730, 733 (8th Cir. 2009)[Prison warden may

---

[4]In one of his exhibits (a Request to Staff form dated February 13, 2014) Plaintiff also complains that "after Plaintiff was sprayed with chemical munitions by Livingston, Associate Warden Mauney still refused to move Livingston (presumably from the dorm) and allowed Livingston to 'taunt and threaten' him. See Exhibit (Court Docket No. 19-1, p. 7). Although this is not actually a claim in the Complaint, even if it was, Plaintiff has presented no evidence to show that he was entitled to be moved to a different dorm or that Mauney committed any constitutional violation by not moving him to a different dorm (assuming for purposes of summary judgment that any such request was made and that Mauney had the authority to do so). Cf. Neal v. Shimoda, 131 F.3d 818, 828 (9th Cir. 1997) ["[A] prisoner does not have a constitutional right to be housed at a particular institution,..., [or] to receive a particular security classification...."]; Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995) ["[A] prison inmate does not have a protectable liberty or property interest in his custodial classification and an inmate's disagreement with a classification is insufficient to establish a constitutional violation."]; see generally Sandin v. Connor, 515 U.S. 472, 478 (1995); Marchesani v. McCune, 531 F.2d 459, 462 (10th Cir. 1976), cert. denied, 429 U.S. 846 (1976)[classification generally upheld unless inmate proves arbitrary and capricious or a clear abuse of discretion]. Further, while Plaintiff may have some state law or administrative claim he could pursue if Livingston was in fact taunting or threatening him (of which, again, there is no evidence other than with respect to Livingston's comments to the Plaintiff that may have been made in connection with the incident of February 10, 2014), that would not by itself be a violation of Plaintiff's constitutional rights. Morva v. Johnson, No. 09-515, 2011 WL 3420650 at * 7 (W.D.Va. Aug. 4, 2011)[Plaintiff failed "to establish that a Defendant violated a constitutional right by harassing, threatening, or ridiculing him . . . ."]; DePaoa v. Taylor, No. 10-398, 2011 WL 2445859 at * 9 (W.D.Va. June 15, 2011)["[A]n institutional employee's verbal harassment of an inmate or idle threats made to an inmate, even if they cause an inmate fear, anxiety or discomfort, do not present a claim of constitutional magnitude."], adopted by, 2011 WL 3105336 (W.D.Va. July 25, 2011), aff'd., 470 Fed. Appx. 186 (4th Cir. Mar. 27, 2012).





be liable under § 1983 only if the warden is personally involved in, or directly responsible for, the prisoner's plight]; Slakan v. Porter, 737 F.2d 368, 375-376 (4th Cir. 1984), cert. denied, Reed v. Slakan, 470 U.S. 1035 (1985)[Supervisory official may be liable for actions of subordinates only where subordinates' allegedly unconstitutional conduct was the result of an official policy or custom for which the supervisory official was responsible]; Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994), cert. denied, 115 S.Ct. 67 (1994); Fisher v. Washington Metro Area Transit Authority, 690 F.2d 1133, 1142-1143 (4th Cir. 1982), abrogated on other grounds, 500 U.S. 44 (1991) (citing Hall v. Tawney, 621 F.2d 607 (4th Cir. 1980)).

Here, even though the facts (construed most favorably to the Plaintiff) show that Mauney may have been aware (after the fact) of the force used by Livingston against the Plaintiff on February 10, 2014, there is no evidence whatsoever to show that Mauney played any role in this event, that she was in any way responsible for Livingston's actions on that day, or that she took any action with respect to the claim presented in this case that would amount to a violation of Plaintiff's constitutional rights. see Levy v. State of Ill. Dept. of Corrections, No. 96-4705, 1997 WL 112833 (N.D.Ill. March 11, 1997) ["A defendant acts with deliberate indifference only if he or she 'knows of and disregards' an excessive risk to inmate health or safety.'"], quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994); see also House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]. Further, to the extent that Plaintiff's claim is that Mauney mishandled or improperly handled his grievance with respect to this incident, that would not be a claim cognizable in this § 1983 action, as there is no constitutional right of access to a prison grievance procedure. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) [existence of a prison grievance procedure





does not confer any substantive right upon inmates]; Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991); Brown v. Dodson, 863 F.Supp. 284 (W.D.Va. 1994) [inmates do not have a constitutionally protected right to a grievance procedure]; Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill. 1982) [even where a state elects to provide a grievance mechanism, violations of its procedures do not deprive prisoners of federal constitutional rights]; Burnside v. Moser, 138 Fed.Appx. 414, 415-416 (3d Cir. June 30, 2005). Therefore, a failure to follow grievance procedures (assuming that happened in this case) does not by itself give rise to a claim under § 1983. Spencer v. Moore, 638 F.Supp. 315, 316 (E.D.Mo. 1986) [holding that an inmate grievance procedure is not constitutionally required]; cf. McGuire v. Forr, No. 94-6884, 1996 WL 131130, at *1 (E.D.Pa. March 21, 1996), aff'd, 101 F.3d 691 (3d Cir. 1996) [creation of a grievance system by a state does not create any federal constitutional rights, as prisoners are not constitutionally entitled to a grievance procedure]. This same result also occurs even if the Court were to assume for purposes of summary judgment that Mauney violated SCDC policies in the way she handled Plaintiff's complaints or grievances. See Keeler v. Pea, 782 F.Supp. 42, 44 C.D.S.C. 1992); Morris v. Allen, 12-146, 2013 WL 3422893 at * * 1, 4 (E.D.Ark. July 8, 2013) [same]; cf. Scott v. Hamidullah, C/A No. 3:05-3027-CMC-JRM, 2007 WL 904803 *5 n. 6 (D.S.C. March 21, 2007) (citing Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)); Johnson v. S.C. Dep't of Corrections, No. 06-2062, 2007 WL 904826 at *12 (D.S.C. Mar. 21, 2007) ["Plaintiff's allegation that defendants did not follow their own policies or procedures, standing alone, does not amount to a constitutional violation."] (citing Riccio, 907 F.2d at 1469 [if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue]).

Therefore, as there is no evidence to show that Mauney played any role in the events





set forth in the Complaint, she is entitled to summary judgment and dismissal as a party Defendant in this case, even if the Court determines that Plaintiff's claim against Livingston may proceed.

## Conclusion

Based on the foregoing, it is recommended that, with respect to Plaintiff's excessive force claim, both the Plaintiff's and the Defendant Livingston's motions for summary judgment be **denied**, and that this claim be allowed to proceed against this Defendant. However, the Defendant Mauney is entitled to summary judgment on this claim for the reasons stated, and therefore Plaintiff's motion should be **denied** with respect to this claim, while Mauney should be **dismissed** as a party Defendant.

Finally, as the original recommendation set forth in the Report and Recommendation of April 6, 2016 with respect to Plaintiff's cleansing of chemical munitions claim was not objected to, it has not been reconsidered in this Supplemental Report and Recommendation, and it therefore remains the recommendation of the undersigned that that claim be **dismissed**.

The parties are referred to the Notice Page attached hereto.

______________________________
Bristow Marchant
United States Magistrate Judge

June 28, 2016
Charleston, South Carolina





**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



