IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Ricky Dean Tate, #261418,<br><br>       Plaintiff,<br><br>v.<br><br>A/W Florence Mauney, Asst. Warden; OFS A. Sanders, A-2 Shift; and Ofc. Livingston, A-2 Shift,<br><br>       Defendants. | C/A No. 9:15-cv-1858-TLW-BM<br><br><br>**ORDER** |

This matter comes before the Court for consideration of the Supplemental Report and Recommendation (R&R) filed by Magistrate Judge Marchant, to whom this matter was assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), DSC. After carefully considering the Supplemental R&R and the objections thereto, the objections are overruled and the Supplemental R&R is accepted.

Plaintiff Ricky Dean Tate, a prisoner proceeding *pro se*, filed this action alleging violations of his Constitutional rights pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff asserted two claims; one based on the alleged denial of his access to the courts, and another based on an alleged incident involving excessive force. *Id*. Plaintiff's access to the courts claim was dismissed on a Rule 12 motion. ECF No. 36. Thereafter, the parties filed cross-motions for summary judgment on the remaining excessive force claim. ECF Nos. 41 and 43.

The cross-motions for summary judgment were first addressed by Magistrate Judge Marchant in an R&R dated April 6, 2016 (Initial R&R). ECF No. 51. In the Initial R&R, the Magistrate Judge recommended granting summary judgment to Defendants on the excessive force claim based on Plaintiff's apparent concession that he was engaged in certain conduct that resulted

in him being sprayed with chemical munitions. ECF No. 51 at n.3, 4, and 5. Based on Plaintiff's apparent concession, the Magistrate Judge found there were no disputed material facts and, thus, analyzed the claim as a question of law. *See* ECF No. 51 at 9. Plaintiff filed objections to the Initial R&R on April 14 and 27, 2016. ECF Nos. 53 and 54. In his objections, Plaintiff expressly denied that he was engaged in the alleged conduct when he was sprayed. ECF No. 54 at 2. After closely reviewing the Initial R&R and Plaintiff's objections, the Court recommitted the matter to the Magistrate Judge to determine whether Plaintiff's objections changed the factual or legal analysis or the conclusion reached. ECF No. 56.

This matter now comes before the Court for consideration of the Magistrate Judge's Supplemental R&R filed on June 28, 2016. ECF No. 60. In light of the objections raised to the Initial R&R, the Magistrate Judge recommends: (1) granting summary judgment to Defendants on the issue of "cleansing chemical munitions" as Plaintiff did not object to the analysis contained in the Initial R&R which recommended dismissal of this aspect of his claim; (2) granting summary judgment to Defendant Warden Mauney on all claims against her as there is no factual or legal basis for her liability; and (3) denying summary judgment only as to the excessive force claim against Defendant Livingston concerning her use of chemical munitions due to a question of material fact. Plaintiff filed objections to the Supplemental R&R. ECF Nos. 62, 64. Defendants also filed objections. ECF No. 63. This matter is now ripe for review.

This Court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In the absence of objections to the R&R, this Court is not required to give any explanation for adopting the recommendation. *See*

*Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.  The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the relevant filings, the Supplemental R&R, and the parties' objections.  The Supplemental R&R correctly analyzes the issues presented in the objections to the Initial R&R and the evidence concerning the conduct at issue.  As set forth below, the parties' objections do not require that the Supplemental R&R be modified or rejected.

Plaintiff's objections to the Supplemental R&R essentially restate the arguments he advanced in his objections to the Initial R&R.  ECF Nos. 62, 64.  The only specific issue to which Plaintiff objects concerns the dismissal of Warden Mauney.  ECF No. 62 at 2.  However, Plaintiff's objection simply restates the factual allegations made in earlier filings regarding her supervisory role and, thus, his objection does not impact the analysis contained in the Supplemental R&R.

Defendants object to the denial of summary judgment as to the excessive force claim against Defendant Livingston.  They argue that Plaintiff's assertion comes too late in the proceedings and, even if accepted, the assertion directly contradicts his prior statements in

3

evidence. ECF No. 63 at 5. The Court agrees that a party cannot be allowed to use a magistrate judge's recommendation as a roadmap to avoid summary judgment; however, this case is distinguishable from one where a party impermissibly presents a conflicting factual assertion in response to an unfavorable recommendation from the magistrate judge. As noted by Magistrate Judge Marchant, while Plaintiff did not explicitly dispute that he was engaged in the alleged conduct in his previous statements, he also did not expressly admit to this conduct. ECF No. 60 at 8. Plaintiff instead focused his arguments on whether or not he posed a threat to Officer Livingston. In light of Plaintiff's express denial of conduct which was never explicitly admitted, the Court accepts the Magistrate Judge's recommendation as to the excessive force claim.[1]

After careful consideration, Plaintiff's and Defendants' objections are OVERRULED. The Supplemental R&R, ECF No. 60, is ACCEPTED. Accordingly, Defendants' motion for summary judgment, ECF No. 43, is GRANTED IN PART and DENIED IN PART. More specifically, for the reasons articulated by the Magistrate Judge, Defendants' motion for summary judgment is denied with respect to Plaintiff's excessive force claim against Defendant Livingston concerning her use of chemical munitions. Defendants' motion for summary judgment is granted with respect to all other claims and Defendants. Based on the existence of the factual question noted, Plaintiff's motion for summary judgment, ECF No. 41, is also DENIED.

In light of this Court's acceptance of the Magistrate Judge's Supplemental R&R resulting in a claim surviving summary judgment, the Magistrate Judge is hereby directed: (1) to seek written consent from all parties to conduct all subsequent proceedings in this matter, including

---

[1] The Court also notes that before the R&R was filed, Plaintiff produced at least some documentary evidence which he claims supports his assertion that he was wrongfully sprayed with chemical munitions. *See* ECF No. 48-1 (Use of Force Report).

trial, before the Magistrate Judge; (2) as the next stage in this matter, absent settlement, is trial, to enter a scheduling order in the above-captioned action; and (3) to appoint counsel to represent the Plaintiff should the case proceed to trial, if the Magistrate Judge concludes counsel is necessary, pursuant to the District Court's process relating to payment of costs and expenses.

**IT IS SO ORDERED**.

*s/Terry L. Wooten*
Chief United States District Judge

July 27, 2016
Columbia, South Carolina